### FRANCIS B. NICOLL

*v.*

### JAMES TODD *et al.*

1. DOWER—*in what estate.*  To entitle a widow to dower, her husband, at some time during the coverture, must have been seized of either a legal or equitable estate in land.  If an equitable title, it must have been such that, in case of his death, it would have descended to his heirs at law as real estate, instead of going to his personal representatives as a chattel interest or *chose in action.*

2. Where, before a conveyance to a husband, another person acquires an equitable title to land by purchase and part payment of the purchase money, and takes possession, makes improvements and finally completes his payments, and receives a deed before the prior deed is recorded, the widow of the prior grantee will not be entitled to dower in the land.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

Messrs. PADDOCK & IDE, for the appellant.

Messrs. HOYNE, HORTON & HOYNE, and Mr. B. S. MORRIS, for the appellees.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This is an appeal from the equity side of the circuit court of Cook county, in a proceeding instituted therein by Francis B. Nicoll, for assignment of dower, as the widow of Edward A. Nicoll, deceased, in certain lots in the city of Chicago, particularly described in the bill of complaint.  James Todd and Henry H. Honore were, with others, made parties defendant, and such proceedings were had that the bill was dismissed as to all except Todd and Honore.  The cause was heard on stipulation of the parties involving numerous and complicated facts, which it is unnecessary to notice any further than as they specially belong to this case.

The principles and facts underlying the various claims this complainant, at different times, has presented to the courts for dower, were quite fully examined and discussed in *Nicoll* v. *Ogden et al.* 29 Ill. 323–391, and we have no desire, nor does this case demand, we should go over the ground then so thoroughly explored.

The defendants claim through one Lewis W. Clark.

The question to which we have directed our attention is the pivotal point on which the case turns, and that is, had Edward A. Nicoll, the husband of complainant, a legal or equitable estate in these premises, as against these defendants, while coverture existed?

That he had not a legal estate, is settled by the case cited, *supra.* Had he an equitable estate of inheritance in these premises, as against Clark and his grantees?

Charles Butler conveyed the premises to Nicoll and Bushnell by deed recorded January 18, 1843.

On the 18th of July, 1842, Clark purchased the premises of Butler, and received from him, he then holding the legal title, a written contract, duly executed, for the conveyance of these premises, upon making final payment therefor, as provided in the contract. Clark made the first payment on the execution of the contract, and entered at once into the actual possession of the premises, making thereon valuable improvements, such possession being open, visible, exclusive and notorious. Subsequently, Clark, while in possession, made the balance of the payments, and received a deed.

Six months before Butler had conveyed to Nicoll and Bushnell, Clark had acquired an equitable interest in the premises, and had entered into possession and made improvements thereon.

It was said, in *Nicoll* v. *Ogden et al. supra,* that, in order to entitle the widow to dower, the husband, at some time during coverture, must have been seized of an equitable estate in the property—that is, an equitable title to this property must have presently existed in him, which title, had he died at the

moment, would have descended to his heirs at law as real estate, instead of going to his personal representatives as a chattel interest, or *chose in action.*

The deed of Butler to Nicoll and Bushnell was not recorded until January 18, 1843, and of the existence of which Clark had no notice when he bought. Long prior to that, Butler had conveyed to Clark, and he in the actual possession. This was notice to Nicoll and Bushnell, and bound them as fully as if his contract of purchase had been put on record. The equitable estate was then in Clark, consequently the complainant can have no claim to dower, her husband not having been seized of a legal or equitable estate in the premises, the equity being with Clark, under whom appellees claim, who afterwards acquired the legal title by proper conveyance.

It is unnecessary to enter into an elaborate discussion of the principles governing the case. They are familiar to all.

We concur with the circuit court in dismissing the bill, and affirm the decree.

*Decree affirmed.*